**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
  JOSUE ROMERO, on behalf of himself and :
  all others similarly situated,                                    :      Case Number:
                                                      :      1:20-cv-07422-JMF
                      Plaintiffs,            :
                                                        :
                                                        :
                               v.                         :
                                                        :
ADAGIO TEAS, INC.,                               :
                                                        :
Defendant.                                                   :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**
**THE FIRST AMENDED COMPLAINT**

*Laura E. Neish*
Law Offices of Laura E. Neish PLLC
lneish@lneishlaw.com
30 Wall St. 8th Floor
New York, NY 10005
Tel: (212) 859-5049
Fax: (212) 943-2300

 *Counsel for Adagio Teas, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. ARGUMENT ..................................................................................................................... 6

    A. Legal Standards ...................................................................................................... 6

    B. Plaintiff's Claim is Moot…………………………………………………………7

    C. Plaintiff's ADA Claim Must Be Dismissed Because Plaintiff Lacks Standing.... 11

        1. *Plaintiff Cannot Meet His Burden To Show A Past Injury* ..........................12

        2. *Plaintiff Cannot Establish A Threat Of Repeated Injury* .............................13

    D. The State and New York City Law Claims Must Be Dismissed……. ……..……14

IV. CONCLUSION ................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013)……………………………………………………………………… 7, 10

*Amidax Trading Grp. v. S.W.I.F.T. SCR*,
    671 F.3d 140 (2d Cir. 2011)……………………………………………………………......6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)…………………………………………………………………….6

*Bacon v. Walgreen Co.*,
    91 F. Supp. 3d 446 (E.D.N.Y. 2015)……………………………………..……..…….7, 10, 11, 15

*Carroll v. New People's Bank, Inc.*,
    No. 1:17CV00044, 2018 WL 1659482 (W.D. Va. Apr. 5, 2018)…………………….......7, 9, 10

*City News & Novelty, Inc. v. City of Waukesha*,
    531 U.S. 278 (2001)…………………………………….........…………………………….…..…….11

*Clear Channel Outdoor, Inc. v. City of N.Y.*,
    594 F.3d 94 (2d Cir. 2010)……………………………………………………...……..8, 9, 10

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.à.r.l*,
    790 F.3d 411 (2d Cir. 2015)……………………………………………………………………….7

*Diaz v. Kroger Co.*,
    No. 18 CIV. 7953 (KPF), 2019 WL 2357531 (S.D.N.Y. June 4, 2019)…………………8, 9, 10

*Feltzin v. Stone Equities, LLC*,
    No. 16-CV-6457 (SJF) (AKT), 2018 WL1114682 (E.D.N.Y. Feb. 26, 2018)…………......12, 13

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013)…………………………………………………………………………....6

*Guglielmo v. Nebraska Furniture Mart*,
    No. 19 Civ. 11197, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020)………………....…..8, 9, 14

*Harty v. W. Point Realty, Inc.*,
    No. 19 Civ. 8800 (VB), 2020 WL 4570595 (S.D.N.Y. Aug. 7, 2020)……………………13-14

*J.S. ex. rel. N.S. v. Attica Cent. Schs.*,
    386 F.3d 107 (2d Cir. 2004)……………………………………………………………………7

*Kreisler v. Humane Soc'y of New York,*
    No. 16 Civ. 8177 (LGS), 2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018)……………………...14

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013)……………………………………………………………..……11

*Lerner v. Fleet Bank N.A.*,
    318 F.3d 113 (2d Cir. 2003)………………………………………………………………...15

*Makarova v. U.S.*,
    201 F.3d 110 (2d Cir. 2000)………………………………………………………………….6, 7

*Martin-Trigona v. Shiff*,
    702 F.2d 380 (2d Cir. 1983)……………………………………………………..…….7, 10

*Morrison v. Nat'l Austl. Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008) …………………………………………………………………6

*Panzica v. Mas-Maz, Inc*,
    No. CV 05-2595 (ARL), 2007 WL 1732123 (E.D.N.Y. June 11, 2007) …………….14-15

*Rizzi v. Hilton Domestic Operating Co., Inc.*,
    No. 18-CV-1127(SJF)(ARL), 2020 WL 6253713 (E.D.N.Y. Oct. 23, 2020) ….…............8, 9

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)……………………………………………………………….........6

*Thomas v. Ariel W.*,
    242 F. Supp. 3d 293 (S.D.N.Y. 2017)………………………………………………..…7

*Valencia ex rel. Franco v. Lee*,
    316 F.3d 299 (2d Cir. 2003)……………………………………………………………...........15

*White River Amusement Pub, Inc. v. Town of Hartford*,
    481 F.3d 163 (2d Cir. 2007)………………………………………………………...........11

**Statutes**

Americans with Disabilities Act ("ADA")……………………………………………..*passim*
New York State Human Rights Law …………………………………………………1, 14, 15
New York Civil Rights Law……………………………………………….................…...1, 15
New York City Human Rights Law…………………………………….........…………..1,14

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)…………………………………………………………….. 1, 6, 7, 16

U.S. CONST. ART. III, § 2……………………………………………………………….…6

**I.      INTRODUCTION**

The allegations of Plaintiff Josue Romero's ("Plaintiff") First Amended Complaint ("FAC") do nothing to remedy the fatal flaws of his initial Complaint. Plaintiff's entire claim for injunctive relief under Title III of the Americans with Disabilities Act ("ADA") is predicated on access barriers he allegedly experienced during an August 2020 visit to Defendant Adagio Teas, Inc's ("Adagio") website, www.adagio.com, (the "Website"). Plaintiff's claims are moot, because recent testing by an accessibility expert who is herself blind shows that the barriers that Plaintiff claims prevented him from accessing the Website do not exist. Adagio submitted evidence of this testing, the bulk of which occurred in December 2020, in connection with its motion to dismiss the original complaint. Despite the expert's testimony that the Website was accessible in December 2020, Plaintiff chose not to re-visit the Website prior to filing the FAC. Instead, Plaintiff asserted additional allegations about his August 2020 visit in an attempt to show that he had suffered an injury at that time. These additional allegations are still insufficient to show injury, and even if Plaintiff did suffer an injury in August 2020, he cannot obtain injunctive relief under the ADA unless he can show that the alleged violations are likely to recur in the future. In light of the uncontroverted evidence that the Website is accessible to screen reader users like Plaintiff, his ADA claim must fail.

Because Plaintiff cannot meet his burden to show he suffered an injury and a likelihood of future injury, the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. And because Plaintiff's federal claims fail, his claims under the New York State Human Rights Law, the New York Civil Rights Law, and the New York City Human Rights Law must also be dismissed.

## II.     FACTUAL BACKGROUND

Adagio is an importer and retailer of specialty teas. Its principal place of business is in Elmwood Park, New Jersey. Adagio sells teas through three retail stores in Illinois and online through the Website. Visitors to the Website can browse Adagio's offerings of teas and related items, as well as purchase products through Adagio's online store.

Adagio has invested significant resources in making the Website accessible to all visitors, including blind consumers, by adhering to the Web Content Accessibility Guidelines 2.1 ("WCAG 2.1")[1] that allow the Website to be accessed via screen reader technology. *See* Declaration of Michael Cramer dated February 5, 2021 ("Second Cramer Decl.") ¶ 3. The Website, including its home, category, product, shopping cart and checkout page are periodically tested for accessibility and compliance with WCAG 2.1 using aCe, an artificial intelligence accessibility tool developed by Accesibe, a technology company based in Tel Aviv, Israel. *Id.* ¶ 4. A blind consumer using screen reader technology is able to browse all products available for sale, access descriptive and pricing details, as well as add products to the shopping cart and complete a purchase. *See* Second Declaration of Pina D'Intino dated February, 4, 2021 ("Second D'Intino Decl.") ¶¶ 5-6.

Plaintiff is a legally blind person who cannot use a computer without the assistance of screen-reading software. According to the FAC, Plaintiff is a "proficient JAWS screen-reader user" and uses the screen reader to access the Internet. FAC ¶ 24. Plaintiff is also a frequent litigant in ADA accessibility lawsuits, filing 107 lawsuits (including the initial Complaint) in the Southern

---

[1] WCAG 2.1 is a set of private website accessibility standards developed by the Worldwide Web Consortium (W3C). The Department of Justice has never promulgated final ADA regulations adopting those accessibility standards. Neither the ADA nor its regulations require websites to comply with WCAG 2.1.

2

District of New York between September 3 and December 31, 2020. *See* Second Cramer Decl. ¶ 13 & Ex. A.

Plaintiff filed the initial Complaint in this matter on September 10, 2020, alleging that the Website unlawfully denied him access in violation of the ADA and New York state and local anti-discrimination laws. *See* ECF Dkt. No. 1. The initial Complaint contained few details about Plaintiff's alleged injuries, stating only that Plaintiff "encountered multiple access barriers," including four general types of alleged screen reader programming errors: 1) "Lack of Alternative Text ('alt-text')" to identify graphic images; 2) "Empty Links That Contain No Text;" 3) "Redundant Links;" and 4) "Linked Images Missing alt-text." *See id.* ¶¶ 25-30. Plaintiff further alleged he was "aware" of other errors[2] on the Website but did not allege that he actually encountered any of these alleged errors or that they prevented him from accessing the Website. *Id.* ¶ 31. The initial Complaint did not identify how any of the alleged programming errors prevented Plaintiff from using a screen reader to browse or complete transactions on the Website.

After receiving notice of the Complaint, Adagio reviewed the accessibility functions of the Website and confirmed that none of the alleged programming errors could have impeded Plaintiff's access to the Website. Second Cramer Decl. ¶ 6. Among other items, Adagio confirmed that a pop-up coupon that displays to certain Website users was screen reader accessible. *Id.* ¶ 12.

---

[2] The alleged errors were: a) the link embedded in the Company logo is not properly labeled as such; b) "[s]ite element like text is not labeled properly" and some text is skipped over; and c) a pop-up coupon is inaccessible. Compl. ¶ 31.

3

Adagio also reviewed Website records showing that Plaintiff did successfully access the Website. According to log files associated with Plaintiff's IP address,[3] Plaintiff spent approximately eight minutes browsing the Website on August 25, 2020, from 7:04 to 7:12 p.m. Plaintiff navigated from the home page to several different product pages. *See* Second Cramer Decl. ¶ 9. He added three items to his shopping cart but did not attempt to complete a purchase. *Id.*

Through its counsel, Adagio then retained Pina D'Intino, an accessibility expert who is herself blind, to test the accessibility of the Website by screen reader users. *See* Second D'Intino Decl. ¶ 4. Ms. D'Intino conducted testing of the Website between December 11 and December 17, 2020 using three different screen readers—JAWS versions 2017 and 2019 and the current version of NVDA—and three different web browsers. *Id.* ¶¶ 4-5. Using the screen reader, Ms. D'Intino, was able, among other things, to: explore the website structure; navigate through the home page to the list of products offered; select a product of interest and click on it to learn more about it, including details about caffeine content, preparation instructions and price; add products to her shopping cart; check out of the store by entering her personal and credit card information; review price and quantity information in her cart; and successfully complete her purchase. *Id.* ¶ 5. Based on her testing, Ms. D'Intino concluded that "the Website is accessible with a screen reader and keyboard" and "JAWS or NVDA screen reader users of average proficiency are able to consider product descriptions and prices, select a product, add the product to the shopping cart/bag, review cart content, review the order and successfully check out." *Id.* ¶ 6.

---

[3] Plaintiff provided his IP address in advance of a mediation session the parties attended on December 7, 2020. As Defendant indicated in its letter to the court of December 17, 2020, materials produced in mediation are generally treated as confidential, but otherwise discoverable information may not be shielded from discovery simply because it is produced in connection with mediation. *See* ECF Dkt. No. 12. Because Plaintiff's IP address is discoverable, and because this Court may properly consider materials outside the pleadings in determining whether it has subject matter jurisdiction, *see infra*, Adagio respectfully requests that the Court consider the evidence of Plaintiff's activity on the Website, as derived from his IP address, in resolving the instant motion.

Adagio moved to dismiss the initial Complaint on December 21, 2020. *See* ECF Dkt. No. 13. In its motion papers, Adagio stated that the allegations of the initial Complaint were insufficient to establish that Plaintiff had suffered an injury in fact sufficient to confer standing. *See* ECF Dkt. No. 14 at 6-10. Adagio also submitted a declaration from Ms. D'Intino to show that Plaintiff's claims were moot, because the access barriers that Plaintiff claims impeded his visit to the Website in August 2020 had been demonstrated not to exist in December 2020. *See* ECF Dkt. No. 16.

On December 22, 2020, this Court issued an Order directing Plaintiff to oppose Adagio's motion to dismiss or file an amended Complaint by January 15, 2021. *See* ECF Dkt. No. 17. Plaintiff filed the FAC on January 15, 2021. The FAC confirms that Plaintiff's last visit to the Website occurred in August 2020. FAC ¶ 26. It restates the allegations of the original Complaint, with additional details about Plaintiff's August 2020 visit to the Website. According to the FAC, Plaintiff was unable to understand descriptive information about the products he sought to purchase and could not access information about items once they were placed in his shopping bag (*see* FAC ¶¶ 27(b), (d)) – allegations that already had been refuted by Ms. D'Intino's December 2020 declaration. Plaintiff further claims – for the first time -- that he had sought to use the $5 off coupon in August 2020 but could not access it via the screen reader. *Id.* ¶ 27(a). After the filing of the FAC, Adagio asked Ms. D'Intino to conduct additional testing to confirm that Adagio's $5 off coupon was accessible via screen reader. Ms. D'Intino's testing confirmed that it was. Second D'Intino Declaration ¶ 5(z).

### III.  ARGUMENT

### A. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(1), a court may properly dismiss a claim for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). While the court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," a showing of jurisdiction "is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (internal quotes and citations omitted). Rather, the plaintiff has the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *Makarova*, 201 F.3d at 113.

The plaintiff must clearly allege facts demonstrating that he or she has standing to sue, including facts demonstrating that he has suffered an injury. *See Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016). *See also Amidax Trading Grp.v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (plaintiff must "allege facts that affirmatively and plausibly suggest that it has standing to sue"). In determining whether a plaintiff has standing, a court "need not credit a complaint's conclusory statements without reference to its factual context." *Id. at 146* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

Because Article III, Section 2 of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotes and citation omitted). Therefore, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit

at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (internal quotes and citation omitted).

In deciding a Rule 12(b)(1) motion, the court may rely on evidence outside the complaint. *Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (citing *Makarova*, 201 F.3d at 113). Specifically, the court may "consider affidavits and other materials beyond the pleadings," to resolve the issue of subject matter jurisdiction. *J.S. ex. rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004).

### B. Plaintiff's Claim Is Moot.

Plaintiff's ADA claim should be dismissed, because it is clear that any barriers that may have prevented Plaintiff from accessing the Website have been remedied. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotes and citations omitted). If "the relief sought can no longer be given or is no longer needed," the case is moot and must be dismissed. *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Since Title III of the ADA authorizes solely injunctive relief and not monetary damages, an ADA accessibility claim "can become moot if a defendant remedies the access barrier during the pendency of the litigation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015). *See also Thomas v. Ariel W.*, 242 F. Supp. 3d 293, 305 (S.D.N.Y. 2017) (dismissing ADA claims regarding "already-remediated conditions as moot"); *Carroll v. New People's Bank, Inc.*, No. 1:17CV00044, 2018 WL 1659482, at*4 (W.D. Va. Apr. 5, 2018) (concluding that plaintiff's website accessibility claim was rendered moot by "voluntary upgrades made to the website" after the action was filed).

The Second Circuit has ruled that a defendant's remedial activity after a lawsuit is filed may render the case moot if "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of N.Y.*, 594 F.3d 94, 110 (2d Cir. 2010). Applying the standard set forth in *Clear Channel*, Courts in this circuit have dismissed ADA website accessibility claims as moot where the defendant submitted evidence that it had remedied the alleged violation and was committed to maintaining an accessible website in the future. *See Guglielmo v. Nebraska Furniture Mart*, No. 19 Civ. 11197, 2020 WL 7480619, at *6 (S.D.N.Y. Dec. 18, 2020); *Rizzi v Hilton Domestic Operating Corp.,* No. 18 CV-1127, 2020 WL 6253713, at *3 (E.D.N.Y. Oct. 23, 2020); *Diaz v. Kroger Co.,* No. 18 CIV. 7953 (KPF), 2019 WL 2357531 at *3-*5 (S.D.N.Y. June 4, 2019).

In *Rizzi,* the court upheld a magistrate judge's recommendation to dismiss as moot the plaintiff's claim that websites for Hilton hotels violated Title III of the ADA. 2020 WL 6253713 at *3. The defendant submitted evidence from an accessibility expert opining that a screen reader user could browse the websites and book hotel rooms, as well as testimony from the defendant that it had invested significant resources in improving the accessibility of its websites and was committed to keeping them compliant. *Id.* In *Guglielmo*, the court ruled that the plaintiff's ADA claims "either have or will become moot" because of the defendant's past and future commitments to make modifications to the website. 2020 WL 7480619 at *4. The defendant submitted a declaration affirming that prior to the litigation, it had invested time and resources in improving the website's accessibility; it had since remedied the violations alleged by the plaintiff; and it intended to redesign the website to improve accessibility. *Id.* at *6. In *Diaz,* the court concluded that the plaintiff's ADA claim was moot where the defendant

produced an affidavit affirming that it had remedied the alleged violations and was committed to ensuring that the website remained accessible. 2019 WL 2357531 at *3.

Adagio easily meets the standard set forth in *Clear Channel* and illustrated in *Rizzi*, *Gugliemo* and *Diaz*. Under *Clear Channel*, a case is rendered moot where (1) there is no reasonable expectation that the alleged violation will recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." 594 F.3d at 110. With respect to the effects of the alleged violation, the premise of Plaintiff's ADA claim is that alleged accessibility barriers prevent him from using his screen reader to purchase tea and tea accessories on the Website. Plaintiff claims that when he last visited the Website in August 2020, he was unable to access a promotional coupon, hear descriptions of items he wanted to purchase, or review items once he had put them in his cart. *See* FAC ¶¶ 4; 27(a)-(d). Adagio has submitted evidence from an accessibility expert that she was able to conduct these activities on the Website using several different screen readers and web browsers in December 2020 and February 2021. *See* Second D'Intino Decl. ¶ 5.

Accordingly, any barriers that may have prevented[4] Plaintiff from accessing the Website prior to filing the Complaint no longer exist, and Plaintiff's claim for injunctive relief is moot. *See Diaz*, 2019 WL 2357531 at *3 (concluding ADA website accessibility case was moot where defendant established that alleged access barriers no longer existed); *Carroll*, 2018 WL 1659482 at *4 (dismissing ADA website accessibility claim as moot where defendant made voluntary upgrades to its website, and allegations were therefore "premised upon a website that no longer exists"). Since the very barriers Plaintiff complained of have been

---

[4] Adagio does not concede that such barriers ever existed, as the revised allegations of the FAC still fail to show that Plaintiff suffered an injury. *See* Section III.C.1 *infra*.

9

remediated – if they ever existed – he no longer retains a "legally cognizable interest in the outcome" of his ADA claim, *Already*, 568 U.S. at 91, and the relief he seeks "is no longer needed." *Martin-Trigona*, 702 F.2d at 386.

Nor is there a "reasonable expectation that the alleged violation will recur." *Clear Channel*, 594 F.3d at 110.  In *Bacon*, the court dismissed the plaintiff's ADA Title III claim as moot where the alleged access barrier had been remedied and rejected as "purely speculative and conjectural" plaintiff's arguments that the barrier could be reintroduced in the future.  91 F. Supp. 3d at 452-53. Alterations to a website are no different. In *Diaz*, the court rejected plaintiff's argument that ADA cases involving websites cannot be mooted, reasoning that these cases "are subject to the same mootness standard as their 'structural' counterparts … it cannot be said that an ADA claim involving a website can never be mooted, solely because of the technological characteristics of websites." 2019 WL 2357531 at *3. The court in *Carroll* reached a similar conclusion, observing that "[d]eveloping a website is not a minor undertaking," and it was therefore unlikely that a defendant would "return to a website that is less functional and contains the alleged accessibility barriers." *Carroll*, 2018 WL 1659482 at *4.

The same reasoning applies here. Adagio has already invested significant resources in making the Website accessible to screen reader users and periodically evaluates the Website for compliance issues. Second Cramer Decl. ¶¶ 3-4. Ms. D'Intino's testing confirms that the Website is accessible via screen reader. Second D'Intino Decl. ¶ 6. Having already expended considerable effort to make its Website accessible to screen reader users, there is no reason for Adagio to revert to a less accessible Website in the future. *See Carroll*, 2018 WL 1659482 at *4. Thus, any suggestion by Plaintiff that the access barriers he allegedly experienced in

August 2020 will recur in the future is purely speculative and therefore "insufficient to rebut [Adagio's] strong showing that plaintiff's claim is moot." *Bacon*, 91 F. Supp. 3d at 452-53. Mere speculation that Plaintiff could theoretically be exposed to harm in the future is not enough maintain a live controversy. *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 285 (2001) ("a live controversy is not maintained by speculation" that plaintiff might be exposed to harm in the future); *White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007) (case is moot "[i]f there is no *reasonable expectation* that the wrong will be repeated") (internal quotation marks and citations omitted; emphasis added).

Because any accessibility barriers that may have prevented Plaintiff from accessing the Website no longer exist, and there is no reasonable basis to believe that they will recur in the future, Plaintiff's claim for injunctive relief under the ADA is moot.

### C. Plaintiff's ADA Claim Must Be Dismissed Because Plaintiff Lacks Standing.

In order to establish standing to sue, the "plaintiff must prove: (1) injury in fact …; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187-88 (2d Cir. 2013). Where the complaint seeks injunctive relief, the plaintiff "must also prove that the identified injury in fact presents a real and immediate threat of *repeated* injury." *Id.* (internal quote and citation omitted) (emphasis added). The Second Circuit has found standing in ADA Title III cases where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to

infer… that plaintiff intended to return to the subject location." *Id.* Plaintiff cannot make this showing, and his ADA claim must be dismissed for lack of standing.

1. *Plaintiff Cannot Meet His Burden To Show A Past Injury.*

In the FAC, Plaintiff re-alleges the general programming errors, such as lack of "Alternative Text," "empty links that contain no text," and "redundant links" alleged in his original complaint. *See* FAC ¶¶ 27(e)-(g). A mere recitation of programming errors, without an explanation of how they prevented Plaintiff from using the Website, is not sufficient to allege an injury. *See, e.g., Feltzin v. Stone Equities, LLC*, CV 16-6457 (SJF) (AKT), 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8. 2018) ("Plaintiff's conclusory allegation that '[plaintiff] has personally observed or encountered' these violations . . . is insufficient to connect the violations to Plaintiff's experience of them for purposes of establishing a concrete and particularized injury in fact").

Plaintiff attempts to add this context in the FAC, claiming that when he visited the Website in August 2020 he was unable to: use a "$5 off limited time promotional coupon"; understand the price and product details and other descriptive information on the Website; or properly use the Website's "shopping bag" feature. *See* FAC ¶¶ 4; 27(a)-(d). These allegations are contradicted by Adagio's Website records, which show that Plaintiff spent about eight minutes browsing the Website on August 25, 2020, visiting multiple product pages and adding three items to his cart. Second Cramer Decl. ¶ 9. This activity demonstrates that Plaintiff was, at minimum, able to navigate the Website and make product selections with his screen reader. If Plaintiff had difficulties with particular aspects of the Website, as many new users of the Website do, he could have availed himself of the help feature of the Website for assistance. *Id*. ¶¶ 10-11. Further, the $5 off coupon which Plaintiff claims he attempted to submit (FAC ¶ 27(a)) is not offered to all Website visitors. The display of the coupon is triggered by a visitor's activity on

12

the site. Second Cramer Decl. ¶ 12. The log files of Mr. Romero's August 25, 2020 visit suggest that his onsite behavior would not have activated the coupon. *Id.* Because Plaintiff has not shown that he was unable to access the Website in August 2020, he fails to make the threshold showing of a past injury.

### 2. *Plaintiff Cannot Establish A Threat Of Repeated Injury.*

Even if Plaintiff's alleged difficulties did constitute an "injury" in August 2020, he cannot meet the standard for injunctive relief under Title III of the ADA, because it is not reasonable to infer that alleged discriminatory treatment would re-occur if Plaintiff decided to visit the Website again. In her Second Declaration, Ms. D'Intino confirms that she was able to understand price and product information when browsing the Website and properly use the shopping cart when she tested the Website with a variety of screen reader / browser combinations in December 2020. Second D'Intino Decl. ¶ 5. Ms. D'Intino also affirms that she was able to discern and claim Adadio's pop-up coupon with her screen reader. *Id.* Further, Adagio's CEO has testified that Adagio conducts periodic testing of the Website to ensure it is accessible to screen reader users. Second Cramer Decl. ¶ 4. There is no reason to believe Plaintiff would encounter difficulties accessing the coupon (if his browsing activity activated it), hearing product descriptions, or reviewing items in his cart if he were to attempt to access the Website again.

Moreover, Plaintiff cannot establish a reasonable inference that he intends to return to the Website. Plaintiff's conclusory assertion that he "remains hopeful that the accessibility barriers are cleared as he intends to purchase teas from Adagio in the future" (FAC ¶ 29) is insufficient to show a plausible intent to return to the Website. *See Feltzin,* 2018 WL 1115135 at *11 (finding no plausible intent to return where the complaint merely asserted that the plaintiff planned to return once the defendant corrected barriers to access); *Harty* v. *W. Point Realty, Inc.,* No. 19

13

Civ. 8800 (VB), 2020 WL 4570595, at *4 (S.D.N.Y. Aug. 7, 2020) (conclusory claims that plaintiff might return to the defendant hotel's websites to book lodging were insufficient to allow the reasonable inference that he intended to return), *appeal docketed,* No. 20-2672 (2d Cir. Aug. 11, 2020).

The FAC itself demonstrates that Plaintiff has no intention to purchase teas from Adagio, affirming that the last time Plaintiff visited the Website was in August 2020 – nearly six months ago, and five months before Plaintiff filed the FAC. *See* FAC ¶ 29. Notably, Plaintiff elected not to visit the Website after receiving the December 2020 D'Intino Declaration, in which Ms. D'Intino, an accessibility expert and blind individual, testified that the Website was accessible via screen reader. ECF Dkt. No. 16 ¶ 6. Surely if Plaintiff were eager to purchase teas from Adagio via the Website, he would have attempted to do so after learning of Ms. D'Intino's testimony—and before filing his amended Complaint. *See Guglielmo*, 2020 WL 7480619 at *5 (finding plaintiff lacked standing where evidence suggested that plaintiff would not "return to the Website to make a purchase were it readily accessible"). Because plaintiff cannot show an actual injury or an intent to return to the Website in the future, he lacks standing to sue and his ADA claim must be dismissed.

**D. The State and New York City Law Claims Must Be Dismissed.**

Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA. *See Kreisler v. Humane Soc'y of New York*, No. 16 Civ. 8177 (LGS), 2018 WL 4778914, at *8 n.5 (S.D.N.Y. Oct. 3, 2018) (finding a lack of standing under the ADA and for the same reasons under the New York City Human Rights Law); *Panzica v. Mas-Maz, Inc.,* No. CV 05-2595 (ARL), 2007 WL 1732123, at *2 n.1 (E.D.N.Y. June 11, 2007) ("Claims for disability discrimination arising under the New York State

14

Human Rights Law or New York Civil Rights Law § 40-c are governed by the same legal standards as federal ADA claims.") Because Plaintiff lacks standing under the ADA, his state and city claims must be dismissed as well.

Moreover, as set forth above, Plaintiff's only federal claim must be dismissed because the Court lacks subject matter jurisdiction. There is no reason for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state and local law claims. *See, e.g.*, *Lerner v. Fleet Bank N.A.*, 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage."); *Bacon,* 91 F. Supp. 3d at 454 (dismissing ADA claim and declining to exercise supplemental jurisdiction over remaining claims). Where, as here, all federal claims have been dismissed, factors including "judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal quotes and citation omitted). Accordingly, Plaintiff's state and local claims should be dismissed.

## IV.     CONCLUSION

In light of the foregoing, Adagio respectfully requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: New York, New York  
      February 5, 2021

Respectfully submitted,

    */s/ Laura E. Neish*  
**LAURA E. NEISH, ESQ.**  
Law Offices of Laura E. Neish PLLC  
lneish@lneishlaw.com  
30 Wall St. 8th Floor  
New York, NY 10005  
Tel:  (212) 859-5049  
Fax:  (212) 943-2300  
*Attorney for Defendant Adagio Teas, Inc.*