**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
JOSUE ROMERO, on behalf of himself and
all others similarly situated,

                     Plaintiffs,

                        v.

ADAGIO TEAS, INC.,

Defendant.
-----------------------------------------------------------------x

Case Number:

1:20-cv-07422-JMF


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Laura E. Neish*
Law Offices of Laura E. Neish PLLC
lneish@lneishlaw.com
30 Wall St. 8th Floor
New York, NY 10005
Tel:  (212) 859-5049
Fax:  (212) 943-2300

  *Counsel for Adagio Teas, Inc.*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A. The Court May Consider Competent Extrinsic Evidence
       on a 12(b)(1) Motion. ...........................................................................................2

    B. Plaintiff's Claim is Moot……………………………………………………..5

    C. Plaintiff Lacks Standing ....................................................................................... 9

III. CONCLUSION ............................................................................................................... 10

i

## **TABLE OF AUTHORITIES**

**Cases**

*Aguilar v. Immigration & Customs Enf't Div. of the United States Dep't of Homeland Sec.*,
    811 F. Supp. 2d 803, 822 (S.D.N.Y. 2011)……………......……….….…....................…..4

*All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*,
    436 F.3d 82, 88 (2d Cir. 2006)……………….....…….………..…....................…..4

*Broidy Capital Mgmt. LLC v. Benomar*,
    944 F.3d 436 (2d Cir. 2019)………………….....……..………….….....................…..4

*Camacho v. Vanderbilt Univ.*,
    No. 18 CIV. 10694 (KPF), 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) ……….............…3, 9

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.à.r.l*,
    790 F.3d 411 (2d Cir. 2015)………………….....……………………………….…..…2, 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579, 591 (1993)………........................................................….…………….……6

*Del- Orden v. Bonobos, Inc.*,
    No. 17 CIV. 2744 (PAE), 2017 WL 6547902 (S.D.N.Y. Dec. 20, 2017)………………....…8

*Diaz v. Kroger Co.*,
    No. 18 CIV. 7953 (KPF), 2019 WL 2357531 (S.D.N.Y. June 4, 2019)………………….4, 8

*Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81, 87  (2d Cir. 2013)………………………………………………..…….…..4

*Evans v. SSN Funding, L.P., 2017 U.S. Dist.*,
    LEXIS 135864 (S.D.N.Y Aug. 23, 2017)...………….….............…………………..….…4

*Feltzin v. Stone Equities, LLC*,
    No. 16-CV-6457 (SJF) (AKT), 2018 WL1114682 (E.D.N.Y. Feb. 26, 2018)………….............9

*General Elec. Co. v. Joiner*,
    522 U.S. 136 (2013)…………………………………………………………………....6

*Guglielmo v. Nebraska Furniture Mart*,
    No. 19 Civ. 11197, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020)………………...4, 8, 9, 10

*Harty v. W. Point Realty, Inc.*,
    No. 19 Civ. 8800 (VB), 2020 WL 4570595 (S.D.N.Y. Aug. 7, 2020)…………………….9

*In re Longtop Financial Tech. Ltd. Sec. Litig., v. W. Point Realty, Inc.*,
    32 F. Supp. 3d. 453, 460 (S.D.N.Y. 2014)…………....................………………………7

*In re Rezulin Prods. Liability Litig.*,
   441 F. Supp. 2d 567 (S.D.N.Y. 2006)……................................................…………………..5, 6

*J.S. ex. rel. N.S. v. Attica Cent. Schs.*,
   386 F.3d 107 (2d Cir. 2004)……………………………………………………………………….3

*v. Paper Factory Hotel, LLC*, No. 18-CV-8201 (ALC),
   2019 WL 2343306 (S.D.N.Y. June 2019)……………………………………………………9

*Kamen v. American Tel & Tel Co.,*
   791 F.2d 1006 (2d Cir. 1986)……………….........................................................……....3

*Kreisler v. Second Ave. Diner Corp.*,
   731 F.3d 184 (2d Cir. 2013)……………………………………………………..……...9

*Makarova v. U.S.*,
   201 F.3d 110 (2d Cir. 2000)………………………………………………………………….2

*Raskin v. Wyatt,*
   125 F.3d 55 (2d Cir. 1997)………...……………………………………………………....6

*Reynolds v. City of Mount Vernon*,
   No. 14-CV-1481 (JMF), 2015 U.S. Dist. LEXIS 43061, (S.D.N.Y. Mar. 31, 2015)………......9

*Rizzi v. Hilton Domestic Operating Co., Inc.*,
   No. 18-CV-1127(SJF)(ARL), 2020 U.S. Dist. LEXIS 14484 (E.D.N.Y. Aug. 11, 2020)
   *report and recommendation adopted* in No. 18-CV-1127(SJF)(ARL), 2020 WL 6253713
   (E.D.N.Y. Oct. 23, 2020).................................................................................................. 4, 7

*Sullivan v. Study.com LLC*,
   No. 18 Civ. 1939 (JPO), 2019 WL 1299966 (S.D.N.Y. Mar. 21, 2019)………………........8

*Takeda Chem. Indus. v. Watson Pharm., Inc.,*
   329 F. Supp. 2d 394, 403 (S.D.N.Y. 2004)…………………………………………….........4

*Wu v. Jensen-Lewis Co.,*
   345 F. Supp. 3d 438 (S.D.N.Y.2018)…………….......………………………………..............8

*Zaremba v. General Motors Corp.,*
   360 F.3d 355 (2d Cir. 2004)……………………………………………………..................6

**Statutes**

Americans with Disabilities Act ("ADA")………………………………………………..*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)…………………………………………………………..……..*passim*

Fed. R. Civ. P. 56………………………………………………………………………….…....2, 3

I.      INTRODUCTION

Plaintiff's opposition is most remarkable for what it does not say. While conceding that the Court may properly consider extrinsic evidence on a Rule 12(b)(1) motion, Plaintiff does not submit any evidence—or even allege—that he attempted to visit Adagio's Website at any time after August 2020, even though Plaintiff was on notice that Pina D'Intino, a prominent accessibility expert who is blind, had tested the Website in December 2020 and February 2021 using exactly the same screen reader technology Plaintiff depends on to access the Internet. In two declarations filed with the Court, Ms. D'Intino detailed the steps she took with a screen reader and keyboard to browse the Website, add products to her cart, access a promotional coupon, and complete a purchase.

Plaintiff does not contest Ms. D'Intino's qualifications or testimony. Instead, Plaintiff submits a declaration of its own purported expert, who has no experience in accessibility and does not disclose the methods he used to identify purported access barriers on the Website. This "expert" declaration is clearly inadmissible under the Federal Rules of Evidence, and the Court may not consider it. Ms. D'Intino's testimony, together with the declaration of Adagio's CEO detailing Adagio's commitment to maintaining an accessible Website, is more than sufficient to meet the mootness standard courts in this Circuit and others have adopted in website accessibility cases.

Plaintiff's lack of involvement with the Website also dooms his efforts to establish standing. Plaintiff cannot establish a likelihood of future harm because the unrebutted, admissible evidence shows that blind screen reader users can browse and complete transactions on the Website. Further, Plaintiff's own actions show that he has no intent to return to the Website. Plaintiff cannot claim that he was deterred from visiting the Website when Adagio

submitted persuasive evidence that the Website was navigable via screen reader months ago. As set forth below and in Adagio's moving papers, Plaintiff cannot show an actual injury, likelihood of future harm, or an intent to return to the Website in the future. He therefore lacks standing to sue and his ADA claim must be dismissed.[1]

Plaintiff's attempts to invoke summary judgment standards and a "battle of the experts" are a transparent effort to subject Adagio to costly litigation in the face of conclusive evidence that the Website is accessible via screen reader. Plaintiff is an experienced litigant—having filed over 100 accessibility lawsuits in the Southern District of New York between September 3 and December 31, 2020 alone[2]— and knew that he was required to submit competent evidence in support of his claims. He did not and his complaint should be dismissed.

## II.   ARGUMENT

### A. The Court May Consider Competent Extrinsic Evidence on a 12(b)(1) Motion.

Plaintiff devotes much of his opposition memorandum to arguing that it was somehow improper for Adagio to submit extrinsic evidence in support of its motion to dismiss under Rule 12(b)(1), and the court should therefore convert it to Rule 56 summary judgment motion. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plt. Mem.") at 16-24. Plaintiff's own authorities show that these claims are baseless.

As Plaintiff concedes, it is well established that a court may consider declarations and other extrinsic evidence on a 12(b)(1) motion. *See* Plt. Mem. at 2, 8, 17. *See also* Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mem.") at 7 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Cortlandt St. Recovery Corp. v. Hellas*

---

[1] Because Plaintiff's sole federal claim must be dismissed, his state and local law claims must also be dismissed. *See* Def. Mem. at 14-15. Plaintiff does not dispute this analysis. *See* Plt. Mem. at 25.
[2] *See* Declaration of Michael Cramer dated February 5, 2021 ("Second Cramer Decl.") ¶ 13 & Ex. A.

*Telecommunications I, S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015); J.*S. ex. rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004)). And as Plaintiff's authorities confirm, where a defendant has made a credible challenge to the court's jurisdiction, the plaintiff is obligated to respond with its own evidence showing jurisdiction exists. *See London v. Polishook*, 189 F.3d 196, 198-99 (2d Cir. 1999) ("[W]hen a bona fide dispute is raised as to the presence of federal jurisdiction it is the affirmative burden of the party invoking such jurisdiction ... to proffer the necessary factual predicate—not simply an allegation in a complaint—to support jurisdiction.")). *Camacho v. Vanderbilt Univ.*, No. 18 CIV. 10694 (KPF), 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019) (to oppose a fact-based 12(b)(1) motion, "a plaintiff must present controverting evidence") (cited in Plt. Mem. at 8,14).

Despite Plaintiff's claims that the Court should convert Adagio's motion to a summary judgement motion *as if* it were a 12(b)(6) motion (*see* Plt. Mem. at 17, arguing that Adagio's motion "sounds in 12(b)(6)"), the Second Circuit had made clear that "a 12(b)(1) motion cannot be converted into a Rule 56 motion." *Kamen v. American Tel & Tel Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986). Rather, "Rule 56 is relevant to the jurisdictional challenge in that the body of decisions under Rule 56 offers guidelines in considering evidence submitted outside the pleadings." *Id.* In other words, the plaintiff asserting jurisdiction still has the burden of proving by a preponderance of the evidence that jurisdiction exists, but the evidence submitted in support of that contention must meet the standards of evidence submitted in the context of a Rule 56 motion for summary judgment. *See id.* (noting that evidence must be "competent").

The authorities cited in Adagio's memorandum in support of its motion demonstrate that courts routinely consider extrinsic evidence in evaluating motions to dismiss website accessibility cases on grounds similar to those Adagio asserts here. *See* Def. Mem at 8-9;

3

*Guglielmo v. Nebraska Furniture Mart*, No. 19 Civ. 11197, 2020 WL 7480619, at \*6 (S.D.N.Y. Dec. 18, 2020) (granting motion to dismiss on mootness and standing grounds based on declaration from defendant); *Rizzi v. Hilton Domestic Operating Co., Inc.*, No. 18-CV-1127(SJF)(ARL), 2020 U.S. Dist LEXIS 14484, at \*15-20 (E.D.N.Y. Aug. 11, 2020) (recommending dismissal ADA claim on mootness and standing grounds based upon declarations from defendant and accessibility expert) (*report and recommendation adopted,* No. 18-CV-1127, 2020 WL 6253713, at \*3 (E.D.N.Y. Oct. 23, 2020); *Diaz v. Kroger Co.,* No. 18 CIV. 7953 (KPF), 2019 WL 2357531 at \*3-\*5 (S.D.N.Y. June 4, 2019) (granting motion to dismiss on mootness and jurisdictional grounds based on declaration from defendant).

Plaintiff's claim that this case is different because the jurisdictional issues are "intertwined with the merits," fails, because the jurisdictional issues here are plainly distinct from the merits. The Court can determine whether Plaintiff's claims are moot, or whether Plaintiff has the requisite risk of future injury, without determining whether or not Adagio ever denied him access to its Website in violation of the ADA. *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 n.7 (2d Cir. 2019) (standing issue not intertwined with merits where court did not "need to resolve the ultimate merits question of [defendant's] liability for plaintiffs' alleged injuries") (cited in Plt. Mem. at 17)[3]. Accordingly, the Court should consider the parties' submissions without converting Adagio's motion to a summary judgment motion.

---

[3] None of the other cases Plaintiff cites involved a mootness claim and all are distinguishable on their facts. *See All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co*., 436 F.3d 82, 88 (2d Cir. 2006) (district court improperly ruled that salt was not a pollutant within the meaning of Clean Water Act before addressing standing issue); *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 87 (2d Cir. 2013)(motion to dismiss for lack of personal jurisdiction); *Aguilar v. Immigration & Customs Enf't Div. of the United States Dep't of Homeland Sec*., 811 F. Supp. 2d 803, 822 (S.D.N.Y. 2011) (plaintiffs alleged constitutional issues); *Takeda Chem. Indus. v. Watson Pharm., Inc.,* 329 F. Supp. 2d 394, 403 (S.D.N.Y. 2004) (defendant alleged dispute was not ripe for adjudication); *Evans v. SSN Funding, L.P.,* 2017 U.S. Dist. LEXIS 135864, at \*15-16 (S.D.N.Y. Aug. 23, 2017) (challenge to diversity jurisdiction rested on resolution of merits of claim).

B.	**Plaintiff's Claim Is Moot.**

In its moving brief, Adagio demonstrated that any access barriers Plaintiff experienced (if he did experience them) were not present on the Website by December 2020. (*See* Def. Mem at 7-11.)  Plaintiff's only evidentiary challenge to Adagio's showing is inadmissible, and the legal authorities it cites are plainly distinguishable.

In connection with its motion to dismiss, Adagio submitted the declaration of accessibility expert Pina D'Intino, who conducted manual testing with three different screen reader and web browser combinations in December 2020 and February 2021, including the JAWS screen reader Plaintiff allegedly used to access the Website. *See* Second Declaration of Pina D'Intino dated February 4, 2021 ("Second D'Intino Decl.") ¶ 5. In her declaration, Ms. D'Intino, who is blind, details the steps she took to browse the Website, learn price and product information, add and review items in her cart, complete a transaction and discern and claim Adagio's pop-up coupon. *Id.* These are the same activities Plaintiff claims he was unable to conduct when he visited the website in August 2020. *See* FAC ¶¶ 4; 27(a)-(d).  Adagio also submitted the testimony of its CEO, Michael Cramer, affirming that the company has invested significant resources in making the Website accessible to screen reader users and periodically evaluates the Website for compliance issues. Second Cramer Decl. ¶¶ 3-4.

Plaintiff chose not to submit his own declaration in opposition, instead relying on the unsupported claims of his expert, Robert D. Moody. This testimony is unreliable and therefore inadmissible because Mr. Moody does not even attempt to explain the methodology underlying his conclusion. "The district court acts as a gatekeeper to ensure that 'scientific testimony or evidence admitted is not only relevant, but reliable.'" *In re Rezulin Prods. Liability Litig,* 441 F. Supp. 2d 567, 576 (S.D.N.Y. 2006) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509

5

U.S. 579, 591 (1993)). *See also General Elec. Co. v. Joiner,* 522 U.S. 136, 142 (1997). The court fulfills this role both at trial and in dispositive motions; if proffered expert testimony is unreliable, the court may not consider it in evaluating the motion. *See, e.g, Raskin v. Wyatt*, 125 F.3d 55, 68 (2d Cir. 1997) (affirming grant of summary judgment to defendant after concluding plaintiff's proffered expert report was unreliable).

A qualified expert's testimony is admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed .R. Evid. 702. If the expert's conclusion "is connected to existing data only by the *ipse dixit* of the expert," the testimony is unreliable and must be excluded. *Joiner*, 522 U.S. at 146. The party proffering the expert has the burden to demonstrate by a preponderance of the evidence that the testimony is admissible. *See Zaremba v. General Motors Corp,* 360 F.3d 355, 358 (2d Cir. 2004) (expert testimony properly excluded from consideration on summary judgment motion where plaintiffs failed to establish reliability).

Plaintiff cannot meet this burden, because Mr. Moody's declaration is devoid of *any* explanation of the methodology he used to reach his conclusion. Mr. Moody simply states, without more, that he "evaluated the Website" on February 18, 2021, identified access barriers, and concluded that the Website does "not meet Web Content Accessibility Guidelines version 2.1 AA." Declaration of Robert D. Moody ("Moody Decl.") ¶ 9. He does not state whether he used a software program to conduct an audit (and if so, which program), did manual testing with a screen reader and web browser (and if so, which ones), or used some other method. In the absence of any information regarding Mr. Moody's methodology, the court cannot perform its gatekeeping role to determine whether Mr. Moody used "reliable principles and methods"

and "applied the principles and methods reliably." Fed. R. Evid. 702. Without any description of how he conducted his testing, Mr. Moody's conclusion is no more than an *ipse dixit* – and his testimony is inadmissible. *Joiner*, 522 U.S. at 146.

Mr. Moody's testimony should be excluded for the additional reason that Mr. Moody is not qualified, and does not attempt, to opine on the accessibility of the Website to blind users like Plaintiff. Mr. Moody's background and training is in information science, and his curriculum vitae does not indicate any training in website accessibility other than acquaintance with the WCAG standards. Unlike Plaintiff, "a proficient JAWS screen reader user" (FAC ¶ 25), nothing in Mr. Moody's declaration or curriculum vitae indicates that he has experience navigating a website with a screen reader, that he has any training in accessible design, or, crucially, that he knows how to assess whether a purported barrier identified by a software audit actually poses an accessibility barrier to a blind person.[4]

Mr. Moody does not attempt to offer such an opinion, stating only his unsupported opinion that the Website does not meet WCAG guidelines. Moody Decl. ¶ 9. But the resolution of the mootness question does not depend on whether the Website is in technical compliance with one or more industry standards. As explained in Adagio's moving brief, neither the ADA nor its regulations require websites to comply with the WCAG guidelines. Def. Mem. at 2 n.1. *See also Rizzi*, 2020 WL 6253713 at *3 & n.3 (rejecting plaintiff's objection that defendant's accessibility expert had not declared websites at issue "were up to WCAG 2.0AA standards" and adopting magistrate's conclusion that claims were moot). Rather, Plaintiff's claims are

---

[4] Nor can Plaintiff use Mr. Moody as a substitute for his own sworn testimony. S*ee, e.g,, In re: Longtop Financial Tech. Ltd. Sec. Litig.,* 32 F. Supp. 3d 453, 460 (S.D.N.Y. (2014). ("expert witnesses are generally not permitted to address issues of fact that a jury is capable of understanding ... or construct a factual narrative based on record evidence") (internal quotes and citation omitted).

moot if blind screen reader users like Plaintiff can navigate and use the Website. Ms. D'Intino's testimony shows that they can.

Courts in this Circuit have found ADA accessibility claims to be moot based on a lesser evidentiary showing than Adagio makes here. Both the *Guglielmo* and *Diaz* cases granted motions to dismiss based entirely on the defendants' representations that they had made efforts to upgrade their websites and were committed to maintaining—or achieving—compliance in the future. *See Diaz,* 2019 WL 2357531 at *3; *Guglielmo*, 2020 WL 7480619 at *4 (finding ADA claims "either have or will become moot"). The court in *Rizzi* – a case Plaintiff entirely ignores –upheld a magistrate judge's recommendation to dismiss as moot an ADA claim based on the defendant's and an expert witness' testimony that the websites at issue were navigable via screen reader. *See* 2020 WL 6253713 at *3; 2020 U.S. Dist. LEXIS at *17-18.

None of the cases cited in Plaintiff's opposition alter this conclusion. In *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018), the defendant did not submit any evidence that its website was compliant "beyond asserting so and citing to the website itself." In *Sullivan v. Study.com LLC*, No. 18 Civ. 1939 (JPO), 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019), the plaintiff submitted an affidavit from counsel testifying that certain videos available on defendant's website were not closed captioned after the date defendant claimed the website was accessible, which defendant did not dispute. In *Del- Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *11-12 (S.D.N.Y. Dec. 20, 2017) the court independently reviewed the website and confirmed the existence of access barriers. Here, Plaintiff attempts to counter Adagio's evidence with a patently inadmissible expert report, and nothing else. *See Diaz*, 2019 WL 2357531 at *4 n.6 (noting that plaintiff "could readily have accessed the Website after reviewing Defendant's submissions" but chose not to do so).

### C. Plaintiff Lacks Standing.

To demonstrate standing, Plaintiff must show (1) a past injury under the ADA; (2) a reasonable inference that the discriminatory treatment would continue if he returned to the Website; and (3) a reasonable inference that he intended to return to Website. *See Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187-88 (2d Cir. 2013). As set forth in Adagio's moving brief (Def. Mem. at 11-15)[5], Plaintiff cannot make this showing, and his ADA claim must therefore be dismissed.

Plaintiff's chief argument in opposition is that Adagio relied on extrinsic evidence to show that Plaintiff did not adequately show past injury or a likelihood of discriminatory treatment in the future. (Plt. Mem. at 16.) As established in Section II.A above, the Court can and should consider Adagio's evidence without converting the motion to one for summary judgment. Plaintiff does not attempt to distinguish the authorities cited in Adagio's memorandum showing that a mere statement that Plaintiff intends to return to the Website is sufficient. *See* Def. Mem. at 13-14 (citing *Feltzin v. Stone Equities, LLC*, 16-CV-6457 (SJF) (AKT), 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8. 2018 *Harty* v. *W. Point Realty, Inc.,* No. 19 Civ. 8800 (VB), 2020 WL 4570595, at *4 (S.D.N.Y. Aug. 7, 2020); *Guglielmo*, 2020 WL 7480619 at *5).[6]

Here, there can be no "deterrent" effect, because Plaintiff was on notice that the Website was accessible and the relief requested in his complaint was no longer necessary before he filed the FAC. Specifically, Adagio informed Plaintiff in December that it had retained an expert to

---

[5] In particular, Adagio does not concede that the FAC adequately alleges a past injury. *See id.* at 12-13.

[6] Plaintiff's authorities do not counsel a different result. *Juscinska v. Paper Factory Hotel, LLC*, No. 18-CV-8201 (ALC), 2019 WL 2343306 (S.D.N.Y. June 3, 2019) involved a motion to dismiss under Rule 12(b)(6), not a standing inquiry. *See also Reynolds v. City of Mount Vernon*, No. 14-CV-1481 (JMF), 2015 U.S. Dist. LEXIS 43061, at *6 n.2 (S.D.N.Y. Mar. 31, 2015) (facial challenge to federal question jurisdiction); *Camacho,* 2019 WL 6528974 at *10 (the plaintiff submitted a declaration describing his reasons for accessing the site and his desire to so "immediately" once the website became accessible).

review the site and confirm it was accessible via screen reader. This expert, who is also blind, testified that she was able to browse and conduct transactions on the Website using the same screen reader technology that Plaintiff claims to use. ECF Dkt. No. 16 ¶ 6. Despite his eagerness to revisit the site "once it is made accessible," Plaintiff still has not revisited the Website since August 2020, either before filing the FAC or in opposition to Adagio's motion. Plaintiff has therefore demonstrated by his own conduct that he is not likely to return to the Website. Because the evidence shows that Plaintiff would not "return to the Website to make a purchase were it readily accessible," *Guglielmo*, 2020 WL 7480619 at *5, he lacks standing to sue and his ADA claim must be dismissed.

### III.    CONCLUSION

For the reasons set forth above and in Adagio's moving brief, Adagio respectfully requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: New York, New York         Respectfully submitted,
      March 5, 2021

                                            */s/ Laura E. Neish*
                                      **LAURA E. NEISH, ESQ.**
                                      Law Offices of Laura E. Neish PLLC
                                      lneish@lneishlaw.com
                                      30 Wall St. 8th Floor
                                      New York, NY 10005
                                      Tel:  (212) 859-5049
                                      Fax:  (212) 943-2300
                                      *Attorney for Defendant Adagio Teas, Inc.*