

Joseph Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

June 10, 2021

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
United States Courthouse
40 Centre Street, Room 2202
New York, NY 10007

    Re:    *Josue Romero v. Adagio Teas, Inc.*, Case No. 1:20-cv-07422-JMF

Dear Judge Furman:

    We represent plaintiff Josue Romero ("Plaintiff") in the above-referenced action and write to respectfully draw the Court's attention to Judge Oetken's recent decision in *Jaquez v. Dermpoint, Inc*., 20-CV-7589(JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y., May 20, 2021), denying a motion to dismiss and rejecting similar arguments to those proffered by Defendant Adagio Teas, Inc. in this action. *See* ECF Nos. 20, 24, 28. A full and correct copy of Judge Oetken's decision is enclosed as Exhibit A.

    In *Jaquez*, a visually-impaired person alleged that the defendant's website contained multiple barriers in violation of the Americans with Disabilities Act and the New York City Human Rights Law. The court held, in relevant part, that to properly plead an injury of the Americans with Disabilities Act, a plaintiff need only show that a website's technical functions denied them full and equal access to the website.

> A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, and the facts Jaquez does provide suffice to meet the pleading standard. Jaquez alleges, for example, that Dermpoint's website fails to "describe the contents of graphical images," "properly label title[s]," and "distinguish one page from another," and that it contains "multiple broken links" and inaccurate headings. Jaquez also alleges that the website does not provide information about image color to the screen-reading software, that individuals using that software are unable to add items to their online shopping cart, and that the website's accessibility icon is hard to find. Taken as true, these allegations plausibly show that Dermpoint discriminated against Jaquez by denying him a full and equal opportunity to use its website. Indeed, courts in the Second Circuit have regularly found similar allegations enough to satisfy the pleading standard.

*Jaquez*, 2021 U.S. Dist. LEXIS 96067, at *4-5 (citations omitted).



The Honorable Jesse M. Furman
June 9, 2021
Page 2

                                              Respectfully submitted,

                                               */s/ Joseph H. Mizrahi*
                                              Joseph H. Mizrahi, Esq.

cc*:*     All Counsel of Record (via ECF)