UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JOSUE ROMERO, :
:
Plaintiff, :
: 20-CV-7422 (JMF)
-v- :
: ORDER
ADAGIO TEAS, INC., :
:
Defendant. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On February 5, 2021, Defendant filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* ECF No. 19. For reasons that the Court will explain at the conference scheduled below, the motion is DENIED.

      It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on **July 7, 2021** at **3:15 p.m.** The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.) As stated in Rule 2(C)(ii) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, **no later than 24 hours before the conference**, the parties shall send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call. More broadly, counsel should review and comply with the rules and guidance regarding teleconferences set forth in the Court's Emergency Individual Rules and Practices in Light of COVID-19.

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 2.B of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://www.nysd.uscourts.gov/hon-jesse-m-furman. Any open legal issues can be addressed at the conference.

      The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

The Clerk of Court is directed to terminate ECF No. 19.

SO ORDERED.

Dated: June 25, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge